*Rutland, February. 1814.*

*Hide vs. Childs, et al.*

---

## JUDGE OF PROBATE vs. PRATT.

*James Harrington, and Robert Anderson, Administrators, de bonis non, of Aaron Read deceased, prosecutors.*

In an action on an administration bond, given by Aaron Thrall, administrator of Aaron Read, deceased, by the administrators, *de bonis non*, of said Aaron Read, prosecutors, it was adjudged no breach of any condition of such bond, that, by a reference, made under an order of the judge of probate, by the consent of parties, that is of the said administrators, *de bonis non*, of Aaron Read ; and of the administrators of the said Aaron Thrall, deceased, a certain sum was awarded in favor of the said administrators, *de bonis non*, of Aaron Read, against the administrator of said Aaron Thrall, as the amount of the estate of the said Aaron Read, remaining in the hands of the said Aaron Thrall, at the time of his decease, and that, that sum had not been paid.

The condition in an administrator's bond to the judge of probate, that the administrator shall make, or cause to be made, a true and just account of his administration, is not broken by a neglect in the administrator to pay the debts and make a distribution of the estate of the deceased.

*Rutland, February. 1814.*

ON oyer of the probate bond, on which this action was brought,

*Rutland.*
February,
1814.

Judge of
Probate
*vs.*
Pratt.

with the condition thereto annexed, the defendant pleaded performance of the conditions, by Aaron Thrall the principal. The prosecutors replied, assigning two breaches of the condition ; the defendant rejoined, and to the rejoinder there was a demurrer and joinder.

*Langdon* and *Mallary*, for the plaintiff.

*Williams* and *D. Smith*, for the defendant.

The opinion of the Court was delivered by

CHIHMAN, Ch. J. This is an action on a bond, executed by Aaron Thrall and Elizabeth Read, as principal, and Ebenezer Pratt, the defendant, as surety, to Elisha Clarke, judge of Probate for the district of Rutland, and his successors in office, on granting letters of administration to the said Aaron Thrall, on the estate of Aaron Read, then late of Rutland, deceased. The bond bears date the first day of September, 1796, and in the penal sum of £300, with the usual condition as the law directs. Elizabeth Read, soon after the administration was granted, married to one Whipple, and removed from the State, and Aaron Thrall became the sole administrator of the estate. Before the commencement of this action, Aaron Thrall deceased, and ———— were appointed administrators of his estate, and the prosecutors took out letters of administration *de bonis non* of the estate of Aaron Read.

The defendants have prayed oyer of the bond, and condition, which are set forth on the record. I will repeat the condition at large, to give a more distinct view of the points to be decided.

" That if the above bounden Elizabeth Read, and Aaron Thrall, administrators of all and singular, the goods, chattels, and estate of Aaron Read, late of Rutland, deceased, do make, or cause to be made a true and perfect inventory of all the goods, chattles, credits and estate of the said deceased, which have or shall come to the hands, possession, or knowledge of the said Elizabeth Read and Aaron Thrall, or into the hands, possession or knowledge of any person or persons, for them, and, the same so made, do exhibit into the registry of said court of probate, for said district of Rutland, at or before the twentieth day of October next, ensuing, (1796) and the same goods, chattels, credits and estate, and all other the goods, chattels, credits and estate of the said deceased, at the time of his

decease, which shall, at any time after, come into the hands of the said administrators, or into the hands or possession of any other person or persons, for them, do well and truly administer according to law.   And further, do make or cause to be made a true and just account of the said administration, at or before the first day of September, 1797.   And all the rest and residue of said goods and chattles, credits and estate which shall be found remaining upon the said administrator's account, the same being first examined and allowed by the said court of Probate, shall deliver and pay unto such person or persons respectively, as the said court of probate, shall, by their decree or sentence, according to the true intent and meaning of the law, appoint."   [The remaining part of the condition has no bearing on the points to be decided, in this case, and therefore omitted.]

The defendant having pleaded performance of the condition, the prosecutors, in their replication, have assigned the following breaches of the condition.

1. " That the said Aaron Thrall, administrator of the said Aaron Reed, did not in his life time, make, or cause to be made a true account of his administration of the goods, chattels, rights and credits of the said Aaron Read, deceased, to the said Court of Probate, on or before the first day of September, 1707, according to tenor and effect of the condition of said bond, although often thereto requested and demanded, but the said Aaron Thrall, in his lifetime, and his heirs and administrators, since his descease, have ever refused, and still do refuse to account, either to the judge of probate, or to the prosecutors, as administrators as aforesaid, for the sum of 5,380 dollars of the estate of the said Aaron Read, which was in the hands of the said Aaron Thrall, in his life time, and came into the hands of his administrators after his decease.

2. " That the sum of $3,359,91 cents, had been by, or under an order of reference, made by the judge of Probate, with the consent of parties, awarded to the prosecutors, as administrators *de bonis non*, of the said Aaron Read, deceased, being the amount of the estate of the said Aaron Read, in the hands of the said Aaron Thrall, at the time of his decease ; and assigning as a breach, that neither the said Aaron Thrall in his life time, or his administrators since his decease, had paid over the same, to the prosecutors, administrators as aforesaid, nor had they, or either of them, accounted with the judge of probate for the same."

Rutland,
February.
1814.

Judge of
Probate
vs.
Pratt.

Rutland,
February
1814.

Judge of
Probate
vs.
Pratt.

The defendant has rejoined, as to the first breach assigned, that the said Aaron Thrall, as administrator of the said Aaron Read, did in his life time, make a true and just account of his said administration of the goods, chattels, credits and estate of the said Aaron Read, to the said Court of Probate, before the said first day of September, 1797 ; to wit, on the 24th day of February, 1797, which account was received and allowed by the said Court of Probate, on the said 24th day of February, 1797, as appears by the records thereof, remaining in the said Court of Probate.   The answer to the second breach assigned is not material.

The prosecutors having by oyer, spread upon the record, the proceedings and record of the court of Probate, in the defendant's rejoinder mentioned, demurred to the plea.

After stripping the case of the mass of vorbage, in which it is involved on the record, the whole is solved by an answer to two questions.

1. Have the prosecutors assigned any breach of the condition of the bond affecting their interest, as administrators *de bonis non* of Aaron Read ?

2. If such breach be assigned, has the defendant given a sufficient answer to it ?

The first breach assigned, is that the principal, Aaron Thrall did not make, or cause to be made, a true and just account of his administration, on or before the said first day of September, 1797, according to the tenor and effect of said condition.   This is, in substance a good assignment of a breach of one of the conditions of the bond.   How far it is a breach, affecting the interest of the prosecutors, the Court do not think it material to inquire ; because the defendant in his rejoinder, has answered it, by setting forth a full and complete performance, by his principal, Aaron Thrall : and the prosecutors not content with this, have, by praying oyer of the Probate records, placed on this record, full evidence, of such performance.

It has been urged, indeed, that the condition enjoining a true account to be made by the time limited, comprehends the whole administration, even to the final distribution, but this is not so.   The distribution is necessarily subsequent to the making of the account, which must first be done, in order to ascertain the fund of which distribution is to be made, and it is enforced by a distinct condition following in its natural order.

The second assignment of a breach, does not set forth a breach *Rutland,* of any condition to be found in the bond—there is nothing to which February. 1814. the supposed breach can apply.   But were there any condition, to which it might be applied, there is an absurdity in the manner of Judge of Probate assigning it.   It is assigned as a breach of some supposed condi- *vs.* tion, that Aaron Thrall did not, in his life time pay, and that his Pratt. administrators have not paid a certain sum awarded since his death. It supposes that a duty may as well pass from an administrator to his intestate, as from the intestate to his administrator.   The Court are for these reasons unanimously of opinion, that there must be

Judgment for the defendant.